UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE / BROWARD DIVISION

Case No.: 0:25-cv-62693-RS

**Aldo Rodriguez Lorente**

        Petitioner,

v.

**Zoelle Rivera,** *et al.,*

        Respondents.

**ORDER ON EMERGENCY HEARING ON MOTIONS
FOR EMERGENCY AND INJUNCTIVE RELIEF**

This matter came before the Court for hearing on February 2, 2026, on (1) Petitioner's Emergency Motion for Temporary Restraining Order and Injunctive Relief to Enforce Habeas Judgment [DE 20]; (2) Respondents' Expedited Motion for Relief from Requirement to Conduct Immigration Judge Bond Hearing and Prevent Transfer of Petitioner [DE 19]; and (3) Petitioner's Motion for Issuance of Order to Show Cause [DE 21]. Having considered the motions, the arguments of counsel, the record, and the Court's prior Orders, it is

**ORDERED** as follows:

1. Petitioner's Emergency Motion for Temporary Restraining Order and Injunctive Relief to Enforce Habeas Judgment [DE 20] i**s GRANTED**, to enforce this Court's January 28, 2026, Order [DE 18] granting habeas corpus relief.

2. Respondents' Expedited Motion for Relief from Requirement to Conduct Immigration Judge Bond Hearing and Prevent Transfer of Petitioner [DE 19] is **DENIED**.

3. Petitioner's Motion for Issuance of Order to Show Cause [DE 21] is **DENIED.**

4. The Court's Orders of January 3, 2026 [DE 10] and January 29, 2026 [DE 18] remain in **FULL FORCE AND EFFECT.** As the Court has already found, because Respondents released Petitioner into the community in 2021 — conduct not permitted under 8 U.S.C. § 1225(b)(1) — Petitioner is no longer subject to expedited removal and is properly classified as a detainee pursuant to 8 U.S.C. § 1226, with eligibility for bond under § 1226(a).

5. Respondents are **ENJOINED** from executing, reinstating, or relying upon any expedited removal order, summary removal order, or other authority predicated on 8 U.S.C. § 1225(b)(1), as such authority is inconsistent with this Court's findings that Petitioner is no longer subject to expedited removal due to his release into the community in 2021 and is properly classified as a detainee pursuant to 8 U.S.C. § 1226. *See* Order Granting Petition for Writ of Habeas Corpus at 1 (finding that Respondents' release of Petitioner into the community "is not permitted under § 1225(b)(1)(B)" and that Petitioner is therefore "no longer subject to expedited removal" (citing *Giron v. Noem*, No. 2:25-cv-01201-SPC-NPM, 2026 WL 27982, at *8 (M.D. Fla. Jan. 7, 2026))).

6. Respondents shall comply with this Court's January 29, 2026, Order and their representations made at the hearing that Petitioner shall receive a bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226 on February 5, 2026. Respondents shall, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

7. If the Immigration Court orders Petitioner's release on bond or other conditions of release, and Petitioner satisfies those conditions, Respondents shall release Petitioner immediately and without delay.

8. This order does not prohibit Respondents from instituting removal proceedings against Petitioner under authority other than 8 U.S.C. § 1225(b)(1) or enforcing a valid order of removal as long as that order of removal was not issued pursuant to 8 U.S.C. § 1225(b)(1).

**DONE and ORDERED** in Fort Lauderdale, Florida, this 3rd day of February, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE